November 5, 1906.

———————o———————

No. 3967.

(Court of Appeal. Parish of Orleans.)

E. W. ROTH vs. N. O. AMERICA CO., LTD.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division B.

Chas. Louque for defendant in rule, appellant.

W. G. Rogers for plaintiff in rule, appellee.

DUFOUR, J. The receiver of the New Orleans America Co. took a rule on Louis Hoffman, its late vice-president and general manager, to show cause why he should not deliver to mover the stock subscription list of the company.

The respondent's defense as shown in his testimony is that the book is not in his possession, as he had turned it over to one Kiernan about two months before the appointment of the receiver, yet, he says that about the time the receiver was appointed, he, from memory, assisted Kiernan in making a list of the subscriptions, though he does not undertake to explain why this was necessary, if Kiernan already had the original in his possession.

Hoffman's testimony is contradicted by three witnesses.

Kiernan denies most positively that Hoffman ever gave him the list and says that a few days before the company was placed in the hands of a receiver, he told Hoffman it would be absolutely necessary to produce that list.

He adds.

"He said he was looking for it.

"In the last conversation I had with him he said: 'to tell

19

you the truth I haven't looked for it as I ought to, it may be in my house or in the office.'"

Webb, the former city editor of the N. O. America, corroborates the last statement of Kiernan, and adds:

"Mr. Hoffman and I had always been very friendly and I knew from the receiver that he was anxious to obtain that list, and Mr. Hoffman and I met there one Saturday evening, about probably five or half past five o'clock, and talked about a number of things and I asked him about the list; I told him I had been talking to Mr. Block (the receiver). It was a matter which I considered an asset of the company and, inasmuch as he stated he had the list, I thought he ought to turn it over, because he might get into trouble with the Court or receiver, and he said *it would never be turned up, he didn't propose to turn it up*."

Harnet testifies to a conversation between Hoffman and Kiernan two or three days before the receivership in the course of which the former said he would look for the list and made no claim that he had given it to Kiernan.

In the light of the testimony as a whole, it is apparent that the District Judge made the rule absolute because he concluded that respondent was mistaken in his statement that he did not have the list, or that he had not made a careful search for it.

The enforcement of the Court's decree may serve to quicken the recollection of respondent and to stimulate his zeal in his search for the missing document.

The suggestion that the receiver does not need the list does not commend itself; it is a document belonging to the corporation and he should be in fact as he is in law, its custodian. From its contents, the receiver will derive the information enabling him to sue for unpaid balances due by subscribers, among whom, significantly enough, are numbered friends of Hoffman.

Judgment affirmed.